**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10657

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RAFAEL FLORES-BOTELLO,
aka Manuel Botello-Dominguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(1:95-CR-00003)

_____

December 27, 1996

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant, Rafael Flores-Botello ("Flores-Botello")

appeals his sentence.  We affirm.

FACTS AND PROCEEDINGS BELOW

Flores-Botello pleaded guilty to illegal reentry into the

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

United States following deportation in violation of 8 U.S.C. § 1326. His presentence report (PSR) recommended that a two-level increase in Flores-Botello's offense level be imposed for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The recommendation was based on the fact that at the time of his arrest, Flores-Botello gave two different aliases and produced a Texas birth certificate and Social Security card issued to "Jose Guillermo Hernandez." Officials ascertained his true identity the next day. At sentencing, Flores-Botello objected to the upward adjustment for obstruction of justice, but the district court overruled the objection and adopted the PSR in its entirety. Based on a total offense level of ten and a Criminal History Category of III, the applicable guideline range for imprisonment was ten to sixteen months. The district court sentenced Flores-Botello to fourteen months imprisonment, a one-year term of supervised release, and a $50 special assessment.

## DISCUSSION

Flores-Botello contends that the district court's two-level enhancement of his sentence for obstruction of justice pursuant to § 3C1.1 was improper. Specifically, he complains that the district court failed to make the specific fact findings required to support the conclusion that he obstructed justice subsequent to his arrest.

This court reviews a district court's finding that a defendant has obstructed justice under § 3C1.1 for clear error. *United States v. McDonald*, 964 F.2d 390, 392 (5th Cir. 1992). Section 3C1.1 provides for the two-level enhancement of a defendant's offense level "[i]f the defendant willfully obstructed or impeded, or

2

attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense[.]" The Commentary to the Guidelines provides that the § 3C1.1 enhancement applies, for example, if the defendant "produc[es] or attempt[s] to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." § 3C1.1, comment. (n.3(c)). However, providing a false name or identification document at arrest does not warrant the enhancement unless the conduct significantly obstructed or hindered the investigation or prosecution of the instant offense. *Id.*, comment, (n.4(a)).

In this case, the district court, by adopting the PSR, relied on Application Note 3(c) in concluding that Flores-Botello had "impeded and obstructed justice in the investigation of this case" by giving Border Patrol agents two different aliases and producing a fraudulent birth certificate and fraudulent Social Security card. However, Flores-Botello's use of false names and identification documents at the time of his arrest comes under Application Note 4(a), which requires a showing of significant hindrance. In *United States v. Rickett*, 89 F.3d 224 (5th Cir. 1996), the PSR found that the defendant's decision to provide a false identification document at the time of his arrest resulted in the arrest of an innocent individual and required the Government to file a superseding indictment to correct the original indictment which listed the

3

defendant under an alias.  This court concluded that, under these facts, the defendant's actions had clearly resulted in a significant hindrance and the district court's failure to make a specific finding as to this issue, although error, was harmless. *Id.* at 227.

In the instant case, the district court also unfortunately failed to make specific findings of significant hindrance. However, as *Rickett,* it is clear that Flores-Botello's conduct significantly impeded the official investigation or prosecution. The record reveals Flores-Botello's deception at the time of his arrest was a repeat performance of his use of false identification during another detention, only a few days earlier in Abilene, Texas.  On the occasion of the second arrest, he produced a fake Texas drivers license and Social Security card and claimed two false aliases.  Appellant was thus a repeat obstructer, and his earlier obstruction enabled him to be involved in the second crime of which he is here convicted.  The court did not clearly err in accepting the PSR's determination that this conduct posed a significant hindrance to law enforcement.

For these reasons, the sentence is AFFIRMED.